UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROGER J. HOWARD, JR., | ) |
|     Plaintiff, | ) No. CV-09-096-CI |
| v. | ) ORDER DENYING PLAINTIFF'S |
| | ) MOTION FOR SUMMARY JUDGMENT |
| MICHAEL J. ASTRUE, Commissioner | ) AND GRANTING DEFENDANT'S |
| of Social Security, | ) MOTION FOR SUMMARY JUDGMENT |
|     Defendant. | ) |

BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec. 13, 16.) Attorney Maureen J. Rosette represents Roger J. Howard (Plaintiff); Special Assistant United States Attorney Stephanie R. Martz represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. (Ct. Rec. 8.) After reviewing the administrative record and briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment, and directs entry of judgment for Defendant.

**JURISDICTION**

Plaintiff protectively filed for disability insurance benefits (DIB) and supplemental security income (SSI) in September 2005. (Tr. 79, 203.) He alleged disability due "problems with [his] knees," with an amended alleged onset date of February 1, 2002. (Tr. 74, 238.) His claims were denied initially and on reconsideration. (Tr. 31, 195.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held on

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

September 27, 2007, before ALJ Paul Gaughen. (Tr. 222-56.) Plaintiff, who was represented by counsel, and vocational expert T. Moreland (VE) testified.  The ALJ denied benefits on November 27, 2007, and the Appeals Council denied review. (Tr. 5-7, 16-25.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

**STATEMENT OF THE CASE**

The facts of the case are set forth in detail in the transcript of proceedings, and are briefly summarized here.  At the time of the hearing, Plaintiff was 43 years old. (Tr. 227.) He had a high school education and had attended some college courses. (Tr. 228.) Plaintiff was married and lived with his spouse, who worked outside the home. He had past work experience as a postal clerk, a heavy equipment operator, and a maintenance worker.  (Tr. 98.)  He testified he could no longer work because of swelling and pain in his knees and lower legs.  He stated he had been on crutches since May 2007, and he could not walk without them.  (Tr. 298-99.) He testified he could sit for one half hour, stand for 30 minutes at a time, walk 200 to 300 feet, and lift 30 pounds.  He also stated he could not climb stairs.  He reported he drives with a manual transmission, watches television four to six hours a day and reads two to three hours a day.  He also cooks during the day. (Tr. 231-35.)

**ADMINISTRATIVE DECISION**

At step one, ALJ Gaughen found Plaintiff had not engaged in substantial gainful activity since the alleged onset date as amended at the hearing.  (Tr. 18.)  At step two, he found Plaintiff had severe impairments of "alcohol addiction; bilateral degenerative

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

arthritis to both knees; and quadriceps atrophy as well as peripheral neuropathic findings affecting bilateral lower extremities indicative of underlying neurologic disease, possibly spinal stenosis versus metabolic neurologic process, which would attribute to peripheral neuropathy." (Tr. 18-19.) He found non-severe impairments of Marfan syndrome, ulcers and gastrointestinal bleeds did not result in work-related limitations. (Tr. 20-21.) At step three, the ALJ determined Plaintiff's impairments, alone and in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings). (Tr. 21.) After discussing Plaintiff's testimony, he found Plaintiff's statements regarding the intensity and limiting effects of his symptoms were not entirely credible. (Tr. 22-23.) At step four, he determined Plaintiff had the residual functional capacity (RFC) to perform sedentary work with additional limitations. Based on VE testimony, he found Plaintiff could not perform his past relevant work. (Tr. 21, 23.) Proceeding to step five, ALJ Gaughen determined Plaintiff was able to perform other jobs in the electronic assembly occupations that existed in significant numbers in the national economy. (Tr. 24.) He concluded Plaintiff was not under a "disability" as defined by the Social Security Act at any time through the date of his decision. (Tr. 25.)

### STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*,

211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

## SEQUENTIAL PROCESS

Also in *Edlund*, 253 F.3d at 1156-1157, the court set out the requirements necessary to establish disability:

> Under the Social Security Act, individuals who are "under a disability" are eligible to receive benefits. 42 U.S.C. § 423(a)(1)(D). A "disability" is defined as "any medically determinable physical or mental impairment" which prevents one from engaging "in any substantial gainful activity" and is expected to result in death or last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Such an impairment must result from "anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). The Act also provides that a claimant will be eligible for benefits only if his impairments "are of such severity that he is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. § 423(d)(2)(A). Thus, the definition of disability consists of both medical and vocational components.
>
> In evaluating whether a claimant suffers from a disability, an ALJ must apply a five-step sequential inquiry addressing both components of the definition,

    until a question is answered affirmatively or negatively in such a way that an ultimate determination can be made. 20 C.F.R. §§ 404.1520(a)-(f), 416.920(a)-(f). "The claimant bears the burden of proving that [s]he is disabled." *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). This requires the presentation of "complete and detailed objective medical reports of h[is] condition from licensed medical professionals." *Id*. (citing 20 C.F.R. §§ 404.1512(a)-(b), 404.1513(d)).

    It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

## ISSUES

    The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Plaintiff argues the ALJ committed reversible error in his credibility findings and failed to include all of his limitations in the hypothetical question presented to the VE at step five. (Ct. Rec. 14 at 15, 18.)

## DISCUSSION

    Plaintiff claims error in the Commissioner's credibility

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 5

determination. He contends the ALJ failed to specifically reject his testimony that he could only walk 200 to 300 yards, and that he needed to elevate his legs above his heart; he also suggests the ALJ did not properly reject his self-reported limited abilities to "stand, walk, squat and climb." (*Id*.) He argues proper consideration of these limitations at step five would have resulted in a finding of disability. (*Id*.)

When the ALJ finds a claimant's statements as to the severity of impairments, pain and limitations are not credible, the ALJ must make a credibility determination with findings sufficiently specific to permit the court to conclude the ALJ did not arbitrarily discredit claimant's allegations. *Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002); *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991) (en banc). However, that an ALJ cannot be required to believe every allegation of disabling pain, even when medical evidence exists that a claimant's condition may produce pain. "Many medical conditions produce pain not severe enough to preclude gainful employment." *Fair v. Bowen*, 885 F.2d 597, 603(9th Cir. 1989). Although an adjudicator may not reject a claimant's extreme symptom complaints solely on a lack of objective medical evidence, medical evidence is a relevant factor to consider. *Social Security Ruling* (*SSR*) 96-7p.

If there is no affirmative evidence that the claimant is malingering, the ALJ must provide "clear and convincing" reasons for rejecting the claimant's allegations regarding the severity of symptoms. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). The ALJ engages in a two-step analysis in deciding whether to admit a

claimant's subjective symptom testimony. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007); *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). Under the first step, the ALJ must find the claimant has produced objective medical evidence of an underlying "impairment," and that the impairment, or combination of impairments, could reasonably be expected to cause "some degree of the symptom." *Lingenfelter*, 504 F.3d at 1036. Once the first test is met, the ALJ must evaluate the credibility of the claimant and make specific findings supported by "clear and convincing" reasons. *Id.*

In addition to ordinary techniques of credibility evaluation, the ALJ may consider the following factors when weighing the claimant's credibility: the claimant's reputation for truthfulness; inconsistencies either in his allegations of limitations or between his statements and conduct; daily activities and work record; and testimony from physicians and third parties concerning the nature, severity, and effect of the alleged symptoms. *Light v. Social Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997); *Fair*, 885 F.2d at 597 n.5. The ALJ may also consider an unexplained failure to follow treatment recommendations and testimony by the claimant "that appears less than candid." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).

As explained by the Commissioner in his policy ruling, the ALJ need not totally reject a claimant's statements; he may find the claimant's statements about pain to be credible to a certain degree, but discount statements based on his interpretation of evidence in the record as a whole. *SSR* 96-7p. "For example, an adjudicator may

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 7

find credible an individual's statement as to the extent of the functional limitations or restrictions due to symptoms; *i.e.*, that the individual's abilities to lift and carry are compromised, but not to the degree alleged." *Id*. Subjective complaints alone cannot be the basis for a finding of disability. *Id.* If the ALJ's credibility finding is supported by substantial evidence in the record, "the court may not engage in second-guessing." *Thomas*, 278 F.3d at 959; *Fair*, 885 F.2d at 604 ("credibility determinations are the province of the ALJ").

**A.   Credibility Findings**

Here, there is no evidence of malingering; therefore the Commissioner's credibility findings must be supported by "clear and convincing" reasons. After a discussion of the medical evidence, the ALJ found Plaintiff could perform sedentary work with the following limitations:

> [Plaintiff] has the residual functional capacity to occasionally lift 30 pounds and can carry this weight for short distances; walk 30 to 40 yards [90 to 120 feet]; can stand one to two hours at a time if not required to make sudden or jerking movements; can sit six hours in an eight-hour workday; can be on his feet for two hours in an eight-hour workday; cannot perform any significant squatting or kneeling or use foot controls; can occasionally bend and stoop; no exposure to industrial vibrations or unprotected heights; and cannot work where open alcohol containers are present.

(Tr. 21, 23.) In explaining the basis for his RFC determination, the ALJ found Plaintiff's medically determinable impairments reasonably could be expected to produce symptoms alleged. (Tr. 21.) He then summarized Plaintiff's testimony, specifically noting his statements that he only could sit for 30 minutes, stand 30 minutes with his crutches, walk 200-300 feet (which is equivalent to 67 to 100 yards), lift 30 pounds but carry no weight, and could neither

climb stairs nor squat. (Tr. 22.) He also referenced Plaintiff's testimony that he drove a vehicle with a manual transmission, using his left leg to shift and brake. (Tr. 22.)

As seen above, the ALJ incorporated a more restrictive limitation on Plaintiff's ability to walk (30-40 yards) than the Plaintiff's testimony (200-300 feet, *i.e.,* 67-100 yds). (Tr. 235.) Therefore, the ALJ was not obliged to specifically reject this testimony. Regarding the self-reported limitation in climbing, the ALJ found Plaintiff could perform the sedentary job of "electronics assembler", which does not require climbing. (Tr. 24.) *See, e.g.,* DICTIONARY OF OCCUPATIONAL TITLES, 4th ed. rev. 1991, no. 726.684-110. Thus, the omission of a climbing limitation in the final RFC determination is harmless error. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008); *Johnson v. Shalala*, 60 F.3d 1428, 1436 n.9 (9th Cir. 1995) (where correction of error does not change result, error is harmless); *SSR* 96-9p.

Citing "clear and convincing" reasons, the ALJ set forth specific credibility findings and discounted Plaintiff's testimony that he could only sit 30 minutes, did not do yard work, and could not stand. (Tr. 22-23.) He first noted inconsistencies between Plaintiff's testimony and other evidence in the record. (Tr. 23.) This is a proper reason for discounting a claimant's testimony. *Burch v. Barnhart,* 400 F.3d 676, 681 (9th Cir. 2005). For example, the ALJ referenced evidence in the record from examining physician Robert Rose, M.D., and Plaintiff's spouse that is inconsistent with Plaintiff's testimony regarding his ability to do yard work, sit and stand. The ALJ also found Plaintiff failed to follow-up with

treatment for his knees, and his claims of being unable to afford medical care were unconvincing, in light of public facilities available for people who needed care. (Tr. 23.) As found by the ALJ, Plaintiff provided no evidence that he had been denied medical treatment from public clinics.

Although lack of treatment and failure to follow treatment recommendations are proper considerations in the credibility determination, *Burch, supra*; *Tommasetti,* 533 F.3d at 1039, the adjudicator must not draw inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering claimant's explanation for his failure to seek treatment. *SSR* 96-7p. Such explanations may include that the claimant is living with symptoms, financial concerns prevent the claimant from seeking treatment; the claimant has been told that there is no further, effective treatment that would be of benefit; and that the claimant may structure his or her daily activities so as to minimize symptoms to a tolerable level or eliminate them entirely. *Id*. Here, the record supports the ALJ's reasoning regarding Plaintiff's failure to follow treatment recommendation. For example, Plaintiff was referred to Community Health Association of Spokane in April 2007 (but did not access care there until November 19, 2008), and actually did seek treatment on May 8, 2007, from Christ Clinic, where he was advised again to wear his knee immobilizer. (Tr. 192.) There is also evidence that in April 2004, he was advised to seek follow-up medical attention at Veterans' Hospital, where he had been treated in the past. (Tr. 146.) However, in all three instances, he failed to follow-up as advised by the treating providers. (Tr. 174, 192, 201A.)

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

Other clear, convincing and specific reasons given by the ALJ for discrediting the severity of Plaintiff's alleged limitations (such as the complete inability to carry any weight) include: significant gaps in medical treatment for his knee; the lack of medical evidence to support the degree of limitation alleged; and no acceptable medical opinion that Plaintiff was completely unable to work. (Tr. 23.)   A review of the record in its entirety confirms the ALJ's credibility findings are supported by substantial evidence, reflect a rational interpretation of the record in its entirety, and  are free of legal error. *See SSR* 96-7p. As such, the Commissioner's credibility determination may not be disturbed. *Tackett*, 180 F.3d at 1097.

**B.   Step Five: Hypothetical Question**

At step five, the burden of proof shifts to the Commissioner to show there are a significant number of jobs in the national economy that Plaintiff can still perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).   The ALJ may rely on vocational expert testimony if the hypothetical presented to the expert includes all functional limitations supported by the record and found credible by the ALJ.   *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). Plaintiff asserts the ALJ's hypothetical to the VE (and the final RFC determination)[1] at step five was incomplete because it did not

---

[1] The hypothetical relied upon by the VE at step five is consistent with the ALJ's final RFC findings.  At the hearing, the ALJ presented an individual with the following limitations:

> Due to impairment to the knees, you, you should know that his ability to do some light exertion with limits is compromised as follows: He could occasionally lift about

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

include a need "to elevate his feet above heart height" to reduce swelling of his knees. (Ct. Rec. 14 at 15.) However, this requirement was not mentioned in Plaintiff's hearing testimony. Rather, Plaintiff's representative presented this limitation to the VE at the hearing, after which the VE concluded this requirement would "have a serious effect on any sedentary work." (Tr. 253-54.) The hearing transcript shows Plaintiff testified his right knee was permanently swollen and his left knee swelled up a couple of times a month. He stated he used ice and a knee brace to reduce swelling, and raised and lowered his legs because of pain. (Tr. 232.) However, the medical records show as of May 8, 2007, he was not using his knee brace. (Tr. 191.) When discussing his knee condition, he did not mention the recommendation or practice of raising his legs or feet above his heart. (Tr. 224-40.)

Plaintiff's reply that the medical record supports the

---

> 30 pounds in performing work activities, but could carry same for just short distances. Can walk about 30 to 40 yards at a time, could stand for one to two hours at a time, if not required to make sudden or jerking movements to twist the body such that he might stress the knees, etcetera, with an undemanding standing posture –
>
> . . .
>
> . . . He can't work in a, on a floor where there's going to be vibrations, heavy industrial vibrations, etcetera, and he can't walk in unprotected heights. He couldn't get up on a scaffold or a ladder because of his knee impairment. Please assume that in an eight-hour day, the worker could be on his feet for two hours out of eight. . . . could work in a seated position for six hours out of eight. If you're going to sit/stand alternating option [sic], can work a full day, eight out of eight. Can occasionally bend or stoop. No significant squatting or kneeling or use of foot controls. And lastly, on the positive end of the scale, he has unimpaired use of the hands and fingers.

(Tr. 244-45.)

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

inclusion of this requirement in the hypothetical and final RFC is unpersuasive. (Ct. Rec. 18 at 2.) There is brief notation in an April 25, 2007, report from an emergency room physician's assistant advising Plaintiff to wear his knee immobilizer "at all times and only remove to shower"; and to "elevate his feet above his heart to decrease swelling." (Tr. 142.) Plaintiff was also advised to follow up with an orthopedic specialist. (*Id*.) However, Plaintiff did not testify that he followed this advice. Rather, he testified some days his knees feel better than others, and on days when they hurt he "elevate[s] them and lift[s] them up and then recline[s] them back down." (Tr. 232.) Because there was no testimony of an ongoing need to elevate his feet above his heart, the ALJ was not required to reject it in his credibility findings. Further, the ALJ was under no obligation to accept as true the restriction propounded by Plaintiff's counsel. *Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir. 1989). Because a requirement to elevate the knees above the heart is not supported by substantial evidence, the ALJ did not err by omitting the claimed restriction in his hypothetical to the VE. *Bayliss*, 427 F.3d at 1217.

**CONCLUSION**

The ALJ's evaluation of the medical record in its entirety is supported by substantial evidence and free of legal error. The RFC determination properly reflects restrictions and limitations supported by objective medical evidence, as well Plaintiff's own credible testimony. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is **DENIED;**

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 13

2.   Defendant's Motion for Summary Judgment **(Ct. Rec. 16)** is **GRANTED.**

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant.

DATED February 2, 2010.


                        S/ CYNTHIA IMBROGNO
                     UNITED STATES MAGISTRATE JUDGE